UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WESTMARK DEVELOPMENT
CORPORATION, a Washington corporation, and
TRIZEC INVESTMENT CORPORATION, a
Washington corporation,

Plaintiffs,

v.

CITY OF BURIEN, a municipal corporation,

Defendant.

CASE NO. C08-1727RSM

ORDER ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court for consideration of defendant's Rule 12(b)(6) motion to dismiss, which is now considered a motion for summary judgment by plaintiffs' filing of matters outside the pleadings. Dkt. ## 9, 11; F.R.Civ.Proc. 12(d). The Court has fully considered the parties' memoranda and exhibits, and the balance of the record. For the reasons set forth below, the motion to dismiss shall be granted.

## DISCUSSION

The facts of this matter are well-known to the parties and need only be briefly summarized here. This action arises from a case which was originally filed by plaintiffs in Snohomish County Superior

ORDER ON MOTION TO DISMISS - 1

Court in 1996, with the City of Burien and King County as named defendants. The complaint in that action alleged seven separate causes of action, including a substantive due process claim under 42 U.S.C. § 1983. An amended complaint, naming only the City of Burien as a defendant, was filed in January, 2004. The amended complaint also contained a § 1983 claim of denial of due process. A second amended complaint, naming four individual defendants and their Jane Doe wives in addition to the City of Burien, was filed September 29, 2004. On October 29, 2004, one of the newly-added individual defendants removed the case to this Court on the basis of the § 1983 claim. *Westmark Development Corp. v. City of Burien, et al.,* C04-2243RSM.

This Court, after reviewing the second amended complaint, declined supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c). *Westmark Development Corp.,* C04-2243 RSM, Dkt. # 30. The Court remanded the state law claims to Snohomish County Superior Court, and retained jurisdiction over the § 1983 claims against all defendants. *Id.* The Court then stayed the § 1983 action pending a resolution of the state law claims in state court. *Id.* Two months later, on February 3, 2005, the parties stipulated to dismissal without prejudice of the § 1983 claims. *Id.*, Dkt. # 31. The Court signed the dismissal Order on February 14, 2005. *Id.*, Dkt. # 32.

This action represents plaintiffs' re-filing of the § 1983 claims, against defendant City of Burien only. Dkt. ## 1, 10. The proceedings in state court have been resolved in plaintiffs' favor, with a $10,710,000 judgment. Dkt. # 1, ¶ 2. The amended complaint states that "[i]n this complaint, Westmark does not seek to re-litigate facts or pursue additional damages. Rather, Westmark here is re-filing the federal claim so that under 42 U.S.C. § 1983 and § 1988, Westmark may recover attorneys fees for the state court proceedings." Amended Complaint, Dkt. # 10, ¶ 3.

Defendant has moved to dismiss the complaint on the basis that it is barred by the applicable three-year statute of limitations for § 1983 and § 1988 actions. Defendant contends that this new action, filed on November 28, 2008, was filed more than three years after the stipulated dismissal of the § 1983 claims on February 14, 2005. Defendant acknowledges in the motion that the parties adopted a "tolling agreement" contemporaneously with the stipulated dismissal, but argues that the agreement specifically provides that it tolls the statute of limitations as to § 1983 claims against the individual defendants only.

ORDER ON MOTION TO DISMISS - 2

The stipulated dismissal itself was silent as to tolling. C04-2243RSM, Dkt. # 32.

Plaintiffs do not dispute that the applicable statute of limitations for claims under §§ 1983 and 1988 is three years.[1] However, plaintiffs contend that the statute of limitations on the § 1983 claims against defendant City of Burien was tolled by the tolling agreement. They refer to the Amended Complaint, which states,

> The federal claims that were stayed were subsequently voluntarily dismissed by stipulation of the parties, with Plaintiffs retaining the option to re-file the federal claims after completion of state law proceedings. The parties agreed that the statute of limitations would be tolled from the date of dismissal until the date the § 1983 claims were re-filed in this Court. To give effect to this agreement, a "Tolling Agreement" was signed by all parties. . . . The tolling Agreement specifically allowed Plaintiffs to "re-file their Section 1983 claims against all or some of the Section 1983 defendants in district court after the state law claims are resolved." Because the individual defendants were not part of the original lawsuit filed in 1996, the Tolling Agreement specified that for those individual defendants, October 4, 2004 would be [the] applicable filing date. That date did not apply to Burien because Burien was originally sued on June 24, 1996. Any statute of limitations defense for Burien would have to be based on the earlier filing date of June 24, 1996.

Amended Complaint, Dkt. # 10, ¶ 12 (internal citations omitted).

In opposing the motion, plaintiffs cite the rule that the Court must accept all allegations in the complaint as true in ruling on a motion to dismiss. Plaintiff's Opposition, Dkt. # 5, p. 10. Plaintiffs therefore argue that the Court must accept the above allegations in the Amended Complaint regarding the reach and effect of the tolling agreement as true. *Id*. However, together with their opposition, plaintiffs filed a supporting declaration which, by presenting matters outside the pleadings, converts the motion to dismiss into a motion for summary judgment.[2] Fed.R.Civ.Proc. 12 (d). The Court therefore need not accept the above allegations as true. Instead, the Court shall review the tolling agreement itself, and construe its terms as a matter of law.

---

[1] In determining limitation issues in § 1983 actions, the courts look to state statutes of limitation for personal injury cases. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The relevant statute in this case is § 4.16.080 of the Washington Revised Code, which states in relevant part that actions for "any other injury to the person or rights of another not hereinafter enumerated" are to be brought within 3 years." RCW 4.16.080.

[2] Plaintiffs filed their Amended Complaint at the same time as their opposition and the supporting declaration. Dikt. # 10. In converting the motion to dismiss to a motion for summary judgment, the Court deems the motion as directed to the Amended Complaint, which superceded the original as of the date of filing.

ORDER ON MOTION TO DISMISS - 3

The tolling agreement was signed by counsel on the same day as the stipulation of voluntary dismissal of the § 1983 claims. Dkt. # 11, Exhibit A. It was not filed with the Court in Cause No. C04-2243RSM. Nevertheless, it is formatted like a court pleading. The agreement is titled in the caption "Agreement to Dismiss Without Prejudice Plaintiffs' 42 U.S.C. Section 1983 Claims Remaining in Federal Court." *Id*. The document footer describes it as a "Tolling Agreement". *Id*.

The agreement contains four provisions, which are set forth in full here:

1. Plaintiffs will dismiss without prejudice to refile the Section 1983 claims against the Section 1983 defendants that are currently pending in the District Court and subject to the District Court's stay.

2. To give effect to this Agreement, counsel for plaintiffs and counsel for defendants will sign a stipulation and order of dismissal, a copy of which is attached at Tab A, that dismisses the Section 1983 claims against the Section 1983 defendants without prejudice to refile.

3. Plaintiffs may refile their Section 1983 claims against all or some of the Section 1983 defendants in District Court after the state law claims are resolved by trial or settlement (to the extent that any settlement does not compromise the Section 1983 claims against some or all of the Section 1983 defendants).

4. If plaintiffs refile their Section 1983 claims against some or all of the Section 1983 defendants, the Section 1983 defendants reserve their right to assert all applicable affirmative defenses. With regard to the affirmative defenses of statutes of limitation, estoppel, waiver, and laches, the date on which plaintiffs will have been deemed to have filed their Section 1983 claims against all Section 1983 defendants except defendant City of Burien is October 4, 2004, the date on which plaintiffs' second amended complaint was filed.

Declaration of Jon Ferguson, Dkt. # 11, Exhibit A.

Defendant contends that the § 1983 action against the City of Burien is barred by the statute of limitations because ¶ 4 of the tolling agreement excepts the City of Burien from the provision that fixes the filing date for the § 1983 claims at October 4, 2004. Thus, according to defendant, their affirmative defense of statute of limitations bar has been preserved.

Plaintiffs have submitted the Declaration of Jon Ferguson, former counsel for plaintiffs, to explain why the City of Burien was excepted from the provisions of the final sentence in ¶ 4 of the agreement. Declaration of Jon Ferguson, Dkt. # 11. He states that the parties deemed any language regarding the City of Burien unnecessary because "Burien's defenses were fixed" as of the date of filing the original complaint, in 1996. *Id*., ¶ 11. He further states that there was an "express agreement by all parties that the applicable statute of limitations would be tolled from the date of the dismissal to the date of re-filing

ORDER ON MOTION TO DISMISS - 4

the case in the United States District Court following resolution of the state court action. . . ." *Id*. However, nowhere does this agreement contain language which would actually toll the applicable statute of limitations as to the City of Burien. Instead, it preserves "all applicable affirmative defenses". The agreement is complete on its face, unambiguous and a fully integrated document. The Court will not accept parol evidence to add terms which do not appear in the agreement itself, or to construe the unambiguous terms of that agreement. *Berg v. Hudesman*, 115 Wash. 2d 657, 670 (1990).

A statute of limitation begins to run at the time a cause of action accrues, and is tolled with the filing of a complaint. Here, the § 1983 claims accrued at some time prior to 1996, when plaintiffs filed their original complaint in Snohomish County Superior Court against the City of Burien and other defendants. Verified Complaint, Dkt. # 2, Appendix C. It is not necessary for the Court to determine the actual date of accrual of the § 1983 claims. For the purposes of deciding this motion the Court will assume that no part of the statute of limitations ran prior to the filing of the original complaint in 1996. The statute was tolled by the filing of that complaint until the date the Court signed the stipulation of voluntary dismissal of the § 1983 claims. C04-2243RSM, Dkt. # 32. It then began to run anew on that date, February 14, 2005, and in the absence of any tolling provision the statute of limitations expired on February 14, 2008, ten months before the complaint was filed in this matter.

Defendant City of Burien's motion to dismiss (Dkt. # 5), treated as a motion for summary judgment, is accordingly GRANTED, and this action is DISMISSED as barred by the three-year statute of limitations applicable to § 1983 claims.

Dated this 8th day of April, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION TO DISMISS - 5