UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WESTMARK DEVELOPMENT CORPORATION, a Washington corporation, et al., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF BURIEN, a municipal corporation, <br><br> Defendant. | CASE NO. C08-1727RSM <br><br> ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter is before the Court for consideration of plaintiff's motion for partial summary judgment, Dkt. # 30.  Plaintiff requests summary judgment on the issue of defendant's liability for attorneys' fees.  Defendant has opposed the motion.  The court deems oral argument unnecessary and shall, for the reasons set forth, deny the motion.

FACTUAL BACKGROUND

The relevant background facts are not in dispute.  Plaintiff Westmark Development Corporation ("Westmark") originally filed an action in state court in 1994 against the City of

1  Burien ("Burien") and King County.  The complaint asserted causes of action under state tort law
2  and federal civil rights law, 42 U.S.C §1983, based on plaintiff's allegations of delay and denial
3  of due process in the permitting process for a multi-family development project.  Dkt. # 2.
4  Westmark alleged that Burien's purpose in attempting to block the development project was
5  political rather than for legitimate regulatory purposes.  *Id*.

6  The parties reached a settlement in 1998, but the settlement later fell apart.  Westmark
7  initiated a second lawsuit seeking to enforce the settlement.  The trial court determined, and the
8  Washington State Court of Appeals affirmed, that an enforceable settlement agreement had been
9  reached between Westmark and Burien (but not between Westmark and King County).  *City of*
10 *Burien v. Westmark Development Corp*., 103 Wash. App. 1037 (2000).  The matter was
11 remanded for a determination as to whether the agreement had been breached.  Before the trial
12 commenced, Burien disclosed that the 1998 settlement had been approved by the City Council in
13 executive session, in violation of the Washington Open Public Meetings Act, RCW 42.30.  The
14 settlement was declared void.

15 The state court then allowed Westmark to re-open the 1996 case, and to amend the
16 complaint to add additional defendants and causes of action.  The Second Amended Complaint,
17 filed September 29, 2004, added several named individuals as additional defendants on the
18 §1983 civil rights claim only, asserting that these individuals denied plaintiff's equal protection
19 and due process rights.  On the basis of the §1983 claim, one of the newly-added defendants
20 removed the case to this Court.  *Westmark Development Corporation, et al., v. the City of*
21 *Burien, et al.*, C04-2243RSM, Dkt. # 1.  This Court declined jurisdiction over the state law
22 claims and remanded them to the state court.  *Id*., Dkt. # 30.  The parties then stipulated to
23 dismissal of the §1983 claim without prejudice.  *Id*., Dkt. # 32.

24

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

The jury in the trial of the state law claims against the City of Burien returned a general verdict in favor of Westmark in the amount of $10,710, 000. Dkt. # 35-2. The Washington State Court of Appeals affirmed, noting that the claims on which plaintiff prevailed at trial were for negligence, tortuous interference with a business expectation, and negligent misrepresentation. *Westmark Development Corp. v. City of Burien*, 140 Wash. App. 540 (2007).

Westmark then returned to this Court and re-filed the §1983 claim (and associated claim for attorneys' fees under 42 U.S.C. §1988) against the City of Burien only, not including the individuals who were named defendants on the §1983 in the Second Amended Complaint. Dkt. # 1. This Court originally dismissed the complaint as barred by the applicable three-year statute of limitations, and unredeemed by a tolling agreement. Dkt. # 13. The Ninth Circuit Court of Appeals reversed and remanded the matter back to this Court. Dkt. ## 22, 24. Plaintiff now moves for summary judgment as to defendant's liability for attorneys' fees pursuant to §1988.

DISCUSION

**I. Summary Judgment Standard**

The Court shall grant summary judgment "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a) (as amended December 1, 2010). An issue is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

A party asserting that a fact cannot be or is disputed must support the assertion by citing to particular parts of materials in the record, including deposition, documents, electronically stored information, affidavits or declarations. Fed.R.Civ.P. 56(c)(1)(A). The

1  Court need only consider the cited materials, but may in its discretion consider other materials in
2  the record. Fed.R.Civ.P. 56(c)(3).  The Court may also render judgment independent of the
3  motion, and grant the motion on grounds not raised by a party, after giving notice and a
4  reasonable time to respond. Fed.R.Civ.P. 56(f)(2).

5  **II. Motion to Strike**

6  Defendant has moved by sur-reply to strike two declarations filed with plaintiff's reply.
7  Dkt. # 41.  Defendant contends these represent new evidence which is not allowed in a reply.
8  However, the declarations were offered to rebut defendant's contention, presented in the
9  opposition memorandum, that the parties never actively litigated plaintiff's §1983 claim and
10 defendant had no opportunity to conduct discovery in that area.  *See,* Defendant's Opposition,
11 Dkt. # 34, pp. 3-4.  Presentation of new evidence in rebuttal of an argument is permissible in a
12 reply memorandum.  Accordingly, defendant's motion to strike the declarations is DENIED.

13 **II. Attorneys' Fees under §1988**

14 The Civil Rights Attorney's Fee Award Act of 1976 provides, in relevant part: "In any
15 action or proceeding to enforce a provision of [42 U.S.C. §1983], the court, in its discretion, may
16 allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the
17 costs." 42 U.S.C. §1988(b). 42 U.S .C. §1983, in turn, protects against the "deprivation of any
18 rights, privileges, or immunities secured by the Constitution and laws."  Thus, in order to seek
19 redress through §1983, a plaintiff must assert the violation of a federal right, not merely a
20 violation of federal law. *Gonzaga University v. Doe*, 536 U.S. 273, 285-86 (2002).

21 Westmark argues that it is entitled to fees on the basis of the §1983 claim pled in the
22 Second Amended Complaint, although that complaint was bifurcated and only the state law
23 claims proceeded to trial.   A plaintiff who prevails on a claim not cognizable under §1983 may
24

recover fees under § 1988 on the basis of an unadjudicated pendent constitutional claim. *Maher v. Gagne*, 448 U.S. 122, 127 (1980).  In order to recover the fees where the court has not entered judgment for the plaintiff on a claim supporting attorneys' fees, plaintiff must be the prevailing party on a non-fee claim that arises out of a common nucleus of operative facts, and must demonstrate that the constitutional claim is substantial. *Gerling Global Reinsurance Corp. of Am. v. Garamendi*, 400 F.3d 803, 808 (9th Cir.2005).   However, where a plaintiff has not pressed the constitutional claims beyond the bare allegations of the original complaint "until they were dusted off for use in seeking a fee award under § 1988," such award is not appropriate. *White Mountain Apache Tribe v. Williams*, 810 F. 2d 844, 854 (1984).

       The City of Burien is a municipality. In order to state a §1983 claim against a municipality, the plaintiff must allege that the deprivation of a constitutional right was caused by the enforcement of a municipal policy or practice, or decision of a final municipal policymaker. *Monell v. Department of Social Service*, 436 U.S. 658, 690-691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).   In *Monell*, the Supreme Court set forth the policy and custom requirements of municipal liability, holding that municipal liability cannot rest on the actions of the employees under a *respondeat superior* theory.  Municipalities may be held liable only if the "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691.  Municipal liability may be based upon an official policy taking the form of a written policy or decision adopted and promulgated by the city's legislative body: "Local governing bodies, therefore, can be sued directly under §1983 ... where [ ] the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 691.

1   A "policy" which is sufficient to impose liability on a municipality under Monell must
2   reflect a conscious decision to adopt a particular course of action. *Harper v. City of Los Angeles*,
3   533 F.3d 1010, 1024 (9th Cir.2008). "[U]nder Monell, a 'policy' is 'a deliberate choice to follow
4   a course of action ... made from among various alternatives by the official or officials responsible
5   for establishing final policy with respect to the subject matter in question.' " *Fogel v. Collins*,
6   531 F.3d 824, 834 (9th Cir.2008).

7   In the Second Amended Complaint, which was the basis of removal to this Court,
8   Westmark alleged in the factual section that

> [a]t the time Burien decided to become the lead agency for processing plaintiffs'
> permit application, it had adopted, ratified and implemented a policy to delay
> indefinitely if not completely thwart construction of any large multifamily housing
> project, such as that proposed by plaintiffs.
>
> Burien's policy regarding large multifamily housing projects was irrational, invidious,
> arbitrary and capricious.

13  Second Amended Complaint, C04-2242RSM, Dkt. # 1, ¶¶ 3.20, 3.21. Westmark alleged no facts
14  at all regarding the adoption of an official policy to delay permits beyond this bare allegation; no
15  details were provided as to who made the deliberate choice to adopt this policy, or when and
16  where that conscious decision was made.

17  In stating its First Cause of Action for Civil Rights Violations, Westmark alleged, with
18  respect to the City of Burien, that

> Burien interfered with, obstructed and otherwise deprived Westmark of its
> constitutionally protected civil rights to the use of its property, and its actions were
> irrational, invidious, arbitrary and capricious, and violate 42 U.S.C. §1983.
>
> . . . .
>
> Burien's acts and omissions in adopting and furthering its policy to delay or prevent
> large multifamily projects also were done under color of state law, were irrational,
> invidious, arbitrary and capricious, did not serve any legitimate government purpose,
> and violate 42 U.S.C. §1983.

> Some of the principals in Westmark and Trizec are ethnic minorities.
>
> Burien's acts and omissions related to Westmark's project . . . were motivated in part by racial animus and discrimination. Such conduct violated 42 U.S.C. §1983 and also violates the provisions of Chapter 49.60 RCW. The violations of the latter act are also *per se* violations of the Consumer Protection Act, Chapter 19.86 RCW.
>
> As a direct and proximate result of defendants' violations of Westmark's constitutional and civil rights, plaintiffs suffered damages at an amount to be proved at trial.

Second Amended Complaint, C04-2243RSM, Dkt. # 1, ¶¶ 8.2, 8.4 – 8.7.

In the Order Declining Supplemental Jurisdiction over the state law claims, the Court found that plaintiff's conclusory allegations regarding Burien's official policy were insufficient to impose liability under §1983 against the municipality. The Court described the §1983 claims as "insubstantial." Order, C04-2243RSM, Dkt. # 30, p. 5. The Court was not at that time considering the "substantiality" requirement of the test for imposing § 1988 attorneys' fees for an unadjudicated claim set forth in *Maher*, so the Court's use of the term "insubstantial" is not dispositive of the question of the substantiality of Westmark's constitutional claims. Nevertheless, the Court also characterized the claims as vague and conclusory, noting that

> Plaintiffs' equal protection claim is based on an unsupported allegation that "some of the principals . . are ethnic minorities", together with the allegation that certain unspecified actions of defendants were "motivated in part by racial animus and discrimination." Second Amended Complaint, ¶¶ 8.5, 8.6. While these allegations are certainly not trivial, they are too vague and conclusory to state a claim of denial of equal protection. In particular, plaintiffs have not stated how any of the principals who are ethnic minorities have been treated differently from principals who are not, so as to establish a claim of disparate treatment.

*Id*., p. 5 n. 2. The Court now notes that the proof necessary to establish a claim of disparate treatment of ethnic minorities would appear to conflict with Westmark's assertion in ¶3.20 of the complaint that Burien adopted an official policy to delay or deny permits for **any** large multifamily housing project. These deficiencies and inconsistencies lead the Court to conclude

ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT - 7

that the bare allegations in the Second Amended Complaint did not create a substantial constitutional claim.[1]

Nor has Westmark met the requirement of showing that the §1983 claim and the non-fee state claims arose out of a common nucleus of operative facts. Claims arise from a common nucleus of operative facts where the fee-supporting claims "are so interrelated with the non-fee claims that the plaintiffs 'would ordinarily be expected to try them all in one judicial proceeding.'" *Gerling Global Reinsurance*, 400 F. 3d at 808-09, *quoting United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Westmark originally filed all claims in one complaint, expecting them to be tried in one proceeding. It was this Court's decision to decline supplemental jurisdiction over the state law claims that led to bifurcation of the case. However, that bifurcation left Westmark's state law civil rights claim under RCW 49.60, asserted in ¶ 8.6 of the Second Amended Complaint, to be tried in state court. Yet it appears that this claim was not pursued in the state court action. Westmark should have been motivated to pursue this claim, as it served as the substrate for the CPA claim ("violations of the latter act are also *per se* violations of the Consumer Protection Act, Chapter 19.86 RCW"). Second Amended Complaint, ¶ 8.6. In the prayer for relief, Westmark did request triple damages under the CPA "in the maximum amount permitted pursuant to RCW 19.86.090." Yet Westmark has not cited

---

[1] The allegations regarding the official policy of the City of Burien presented in the complaint that initiated this action are even more tenuous. Despite the Court's finding, in C04-2243RSM, that the allegations regarding the §1983 claim were insubstantial and specifically that they were insufficient in alleging an official policy or custom, plaintiff initiated this action with a complaint that alleges only that, "for the improper purpose of delaying the project, Burien **decided as an official policy to single out the Emerald Point project** and take over the processing of Westmark's permit from King County. Complaint, Dkt. # 1, ¶ 21 (emphasis added.) Westmark has thus changed the very substance of the policy allegation, from a policy of denying or delaying construction of "**any** large multifamily housing project" to a policy of delaying this single project.

to any evidence in the record to show that the discrimination claim or the CPA claim was pursued in state court, and neither is discussed in the decision of the Washington State Court of Appeals in affirming the trial court's rulings. *Development Corp. v. City of Burien*, 140 Wash. App. 540 (2007). It appears the discrimination claim was abandoned.

There can be no common nucleus of operative facts between the state law claims that were pursued and the §1983 claim against the City of Burien raised here, because an essential requirement for the §1983 claim was missing from the state court claims. At the trial in state court, Westmark was not required to demonstrate a deliberate choice by city officials to adopt an official policy to deny permits for multifamily housing projects in order to establish liability against the city on the state law tort claims. Nor has Westmark cited to any part of the record which would demonstrate that such evidence was ever presented in the state court action. The complaint now filed in this action actually changes the substance of the policy alleged to support municipal liability. *See supra,* note 1. While further development of the record may produce facts to support the policy allegation, the Court cannot simply infer this "touchstone" of a §1983 complaint against the municipality from the conclusory allegations in either complaint. *Monell*, 436 U.S. at 690-91.

## CONCLUSION

The bare allegations of civil rights violations in the Second Amended Complaint do not meet the substantiality test, and there is no common nucleus of operative facts because an essential element of the § 1983 claim is absent from the proof necessary for the state law tort claims. It appears that following bifurcation Westmark did not press the constitutional claims beyond the bare allegations of the original complaint. Under these circumstances, the Court

cannot award fees under § 1988 in a summary judgment proceeding. *White Mountain Apache Tribe v. Williams*, 810 F. 2d at 854.

Plaintiff's motion for partial summary judgment as to liability for attorneys' fees (Dkt. # 30) is accordingly DENIED.

Dated January 26, 2011.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE