UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WESTMARK DEVELOPMENT CORPORATION, a Washington corporation, et al.,<br><br>                Plaintiff,<br><br>   v.<br><br>CITY OF BURIEN, a municipal corporation,<br><br>                Defendant. | CASE NO. C08-1727-RSM<br><br>ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter is before the Court for consideration of Plaintiffs' motion for partial summary judgment (Dkt. # 56), and Defendant's motion for summary judgment (Dkt. # 62). Jurisdiction is proper pursuant to 28 U.S.C. §1331. Plaintiffs request summary judgment on the issue of Defendant's liability and attorneys' fees. Defendant has opposed the motion, and requests summary judgment on the issue of Plaintiffs' substantive due process claim. Oral argument was heard on October 27, 2011. The Court shall, for the reasons set forth, deny Plaintiffs' motion and grant Defendant's motion.

**I. FACTUAL BACKGROUND**

Plaintiff Westmark Development Corporation ("Westmark") originally filed an action in state court in 1996 against the City of Burien ("Burien") and King County. The complaint

asserted causes of action under state tort law and federal civil rights law, 42 U.S.C. §1983, based on plaintiff's allegations of delay and denial of due process in the permitting process for a multi-family development project. *See* Dkt. # 2. Westmark alleged that Burien's purpose in attempting to block the development project was political rather than for legitimate regulatory purposes. *Id*.

In 1989, Westmark purchased multifamily-zoned real estate in King County. In 1990, Westmark submitted a permit application to King County for the construction of a multifamily complex. As part of the permitting process Westmark was required to assess the environmental impact of the project and submit a permit application under the State Environmental Policy Act (SEPA). In 1991, after reviewing Westmark's SEPA application, King County issued a threshold determination of significance. Subsequently, Westmark revised its application.

In 1992, citizens in the area surrounding Westmark's property voted to incorporate as the City of Burien. Burien was officially incorporated in 1993. Thereafter, in an Interlocal Agreement, King County transferred several pending permit applications within the incorporated area—including Westmark's—to Burien. Meanwhile, Burien implemented a moratorium on applications and approvals for multi-family housing development.

Over the next several years, files were transferred between King County and Burien and between the parties. The parties and King County also engaged in numerous discussions about the permitting process. Burien claims that it was awaiting an Environmental Impact Statement (EIS) from Westmark. *See* Dkt. # 62. Conversely, Westmark claims that it was awaiting a new threshold determination from Burien.

In 1996, after Westmark initiated the first lawsuit in state court, Burien issued a determination of significance on Westmark's revised application. The parties reached a settlement of the 1996 lawsuit in 1998, but the settlement later fell apart. Westmark initiated a

second lawsuit seeking to enforce the settlement. Ultimately, Burien disclosed that the 1998 settlement had been approved by the City Council in executive session, in violation of the Washington Open Public Meetings Act, WASH. REV. CODE § 42.30. The settlement was declared void by the trial court.

The state court allowed Westmark to re-open the 1996 case, and to amend the complaint and add additional defendants and causes of action. The Second Amended Complaint, filed September 29, 2004, added several named individuals as additional defendants on the §1983 civil rights claim only, asserting that these individuals denied plaintiff's equal protection and due process rights. On the basis of the §1983 claim, one of the newly-added defendants removed the case to this Court. *Westmark Development Corporation, et al., v. the City of Burien, et al.*, C04-2243RSM. This Court declined jurisdiction over the state law claims and remanded them to the state court. The parties then stipulated to dismissal of the §1983 claim without prejudice. The jury in the trial of the state law claims against the City of Burien returned a general verdict in favor of Westmark in the amount of $10,710,000. The Washington State Court of Appeals affirmed, noting that the claims on which plaintiff prevailed at trial were for negligence, tortuous interference with a business expectation, and negligent misrepresentation. *Westmark Development Corp. v. City of Burien*, 140 Wash. App. 540 (Wash. Ct. App. 2007).

Westmark returned to this Court and re-filed the §1983 claim (and associated claim for attorneys' fees under 42 U.S.C. §1988) against the City of Burien only, not including the individuals who were named defendants on the §1983 claim in the Second Amended Complaint. This Court originally dismissed the complaint as barred by the applicable three-year statute of limitations, and unredeemed by a tolling agreement. The Ninth Circuit Court of Appeals reversed and remanded the matter back to this Court. Subsequently, Plaintiff moved for summary

judgment as to defendant's liability for attorneys' fees pursuant to §1988, which this Court denied.

Westmark now makes a second motion for summary judgment as to defendant's liability for attorney's fees under §1988. Dkt. # 56. Burien also moves for summary judgment as to Plaintiffs' §1983 claim. Dkt. #62. Westmark argued, in part, that the §1983 claim was mooted by the state court verdict, because there were "no other damages." Dkt. # 56, p. 7. In an Order directing supplemental briefing, this Court found that the mootness argument was unavailing. Dkt. # 66, p. 2.

## II. ANALYSIS

### A. Summary Judgment

Summary judgment is proper only if the pleadings, discovery, affidavits and disclosure materials on file show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a)&(c) (as amended December 1, 2010). An issue is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Cartett*, 477 U.S. 317, 323 (1986). The Court resolves any factual disputes in favor of the nonmoving party only when the facts specifically attested by each party are in contradiction. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). A party asserting that a fact cannot be, or is, disputed must support the assertion by citing to particular parts of material in the record,

including deposition, documents, electronically stored information, affidavits or declarations. FED. R. CIV. P. 56(c)(1)(A). The Court need only consider the cited materials, but may in its discretion consider other materials in the record. FED. R. CIV. P. 56(c)(3). The Court may also render judgment independent of the motion, and grant the motion on grounds not raised by a party, after giving notice and reasonable time to respond. FED. R. CIV. P. 56(f)(2).

**B. Plaintiff's Motion for Summary Judgment**

1. §1988 Attorneys' Fees

A Plaintiff may recover attorneys' fees under 42 U.S.C. §1988 if it is a "prevailing party" in "any action or proceeding to enforce a provision of [42 U.S.C. §1983]." 42 U.S.C. §1988(b). Section 1983 protects against the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. §1983. Additionally, to hold a municipality liable in a §1983 claim, a plaintiff must prove that the deprivation of a constitutional or federal right occurred pursuant to a municipal custom or policy, or a decision of a final policymaker. *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).

2. Avoiding Constitutional Adjudication

Westmark argues that trial on the §1983 issue is improper, because the court should avoid constitutional questions where state law claims are dispositive. In a similar argument, Westmark claims that adjudicating the §1983 question is improper because it was mooted by the state court verdict. However, in its Order directing supplemental briefing this Court determined that Plaintiffs' §1983 claim was not moot because the state law verdict was not dispositive on the constitutional question. Dkt. # 66. Similarly, this Court now finds that it cannot avoid the constitutional question under §1983. Westmark's §1988 claim for attorneys' fees rests exclusively on the constitutional question, and the state law verdict was not dispositive on this issue. Thus, it is proper for this Court to consider Westmark's constitutional claim.

### 3. Trial on Substantive Due Process Issue

Westmark also argues that a full trial on the §1983 claim is unnecessary because Westmark already prevailed on related state law claims. Although the Supreme Court has recognized the possibility of recovering §1988 attorneys' fees without fully adjudicating the §1983 claim, the cases are limited to instances where the §1983 claim was resolved (by, e.g. settlement or mootness). In other words, the analysis begins with a plaintiff who is precluded from adjudicating the §1983 claim. Section 1988 is intended to encourage plaintiffs to vindicate their federal rights, and the authority to grant attorneys' fees should not be "extinguished by the fact that the case was settled or resolved on a nonconstitutional ground." *Smith v. Robinson*, 468 U.S. 992, 1006 (1984), *superseded by statute on another issue*, (citing *Maher v. Gagne*, 448 U.S. 122, 132 (1980)).

For example, *Maher* allows attorneys' fees if a "plaintiff prevails on a wholly statutory, non-civil-rights claim pendent to a substantial constitutional claim." *Maher*, 448 U.S. at 132. In *Maher*, the §1983 claims were settled by a consent decree, which made no determination on the constitutional question. *Id*. at 124. Because the settlement gave plaintiff "substantially all of the relief originally sought in her complaint," and because she pled a substantial (though not litigated) constitutional claim, the Court determined she was "prevailing" under §1988 and granted her attorneys' fees. *Id*. at 127. Importantly, the settlement resolved the plaintiff's §1983 claims and she was precluded from pressing the claims further; however, the Court's power to address §1988 fees was not "extinguished" by the settlement. *Smith*, 468 U.S. at 1006.

Similarly, the Ninth Circuit has allowed attorneys' fees in cases where plaintiffs' §1983 claims become moot before the constitutional question is fully adjudicated. *Williams v. Alioto*, 625 F.2d 845 (9th Cir. 1980). In *Williams*, the plaintiffs challenged certain police practices in the City of San Francisco through a §1983 claim. *Id*. at 847. Based on a consideration of the

constitutional deprivation, the court initially granted plaintiff's request for a preliminary injunction. *Id*. Subsequently, the challenged police practices were terminated and the §1983 claim for injunctive and declaratory relief became moot. *Id*. Because the plaintiff was precluded from fully adjudicating the constitutional claim, the court reasoned that the preliminary injunction (based on an initial finding of unconstitutionality) and the favorable end result were sufficient to make the plaintiff "prevailing" under §1988.

Even the quite liberal analysis of *Maher* that Westmark cites from the Sixth and Tenth Circuit Courts of Appeals begins with a plaintiff that is precluded from pursuing the fee-generating claim. *See Seaway Drive-In, Inc. v. Twp. of Clay*, 791 F.2d 447 (6th Cir. 1986) (granting §1988 attorneys' fees when plaintiff is precluded from arguing the constitutional claim after it prevails on a state law claim); *Plott v. Griffiths*, 938 F.2d 164 (10th Cir. 1991) (same). By contrast, Westmark is not precluded from arguing its constitutional claim under §1983.

Furthermore, if this court grants attorneys' fees without considering the constitutional claim, Burien would have no opportunity to defend itself. Because the state law claims—which required a lower (negligence) showing by the plaintiff—were not dispositive, Burien should have this opportunity. Therefore, it is appropriate for this Court to consider the merits for Westmark's §1983 claim before awarding attorneys' fees under §1988.

Accordingly, the Court denies Westmark's motion for summary judgment.

**C. Defendant's Motion of Summary Judgment on §1983**

1. <u>Substantive Due Process Violation</u>

At oral argument, Westmark asserted that its §1983 claim was brought under the theory of a substantive due process violation. For a substantive due process claim, the plaintiff must show that it was deprived of a constitutionally protected property interest. *Wedges/Ledges of Cal. v. City of Phx.*, 24 F.3d 56, 62 (9th Cir. 1994) ("A threshold requirement to a substantive or

procedural due process claim is the plaintiff's showing of a liberty or property interest protected by the Constitution"). In a §1983 claim against a municipality, the municipality can be held liable if a municipal official deprived the plaintiff of the protected property interest pursuant to an official custom or policy. *Monell*, 436 U.S. at 690. Additionally, in the context of land-use disputes under substantive due process, the plaintiff must show that the municipal action "serves no legitimate governmental purpose." *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 485 (9th Cir. 2008) (citing *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 542 (2005)).

Westmark's substantive due process claim is based on the allegation that Burien deprived Westmark of its constitutionally protected property interest when Burien delayed the issuance of a threshold determination under SEPA. *See, e.g.* Dkt. # 64, p. 13. Assuming, for the purposes of this analysis, that Westmark has a constitutionally protected property interest in the issuance of a threshold determination without delay, Westmark must next show that the deprivation occurred pursuant to a municipal custom or policy and that Burien's action lacked a rational relationship to a legitimate government interest. *See, e.g. Mateyko v. Felix*, 924 F.2d 824, 826 (9th Cir. 1991); *N. Pacifica LLC*, 526 F.3d at 485.

2. <u>Municipal Custom or Policy</u>

Burien moves for summary judgment claiming that Westmark has not alleged sufficient facts to show a substantive due process violation. As noted *supra § III(a)*, in a §1983 claim against a municipal defendant, the plaintiff must prove: (1) that a municipal official deprived the plaintiff of a constitutionally protected right; and (2) that the official acted pursuant to an expressly adopted municipal custom or policy, or a decision of a final policymaker. *See Monell*, 436 U.S. at 690. To satisfy the second requirement, Westmark alleges two municipal policies: Burien's moratorium against multifamily housing permit approvals, and the amended agreement between Burien and King County to transfer Westmark's project to Burien. For the city to be

liable, Westmark must prove that the alleged constitutional deprivation was caused by one or both of these policies. *See, e.g. Mateyko*, 924 F.2d at 826 (stating that the municipality is liable when the "policy or custom caused the constitutional deprivation complained of."). For the purposes of this analysis the Court will assume, without deciding, that both the moratorium and the amended agreement constitute official policies under *Monell*. 436 U.S. at 690.

With regards to the amended agreement, Westmark cannot show that Burien officials were acting pursuant to this agreement when they caused the injury complained of. The Agreement between King County and Burien covered the transfer of local governmental authority from the county to the newly formed municipality—as contemplated by the Washington State Constitution. WASH. CONST. art. XI, § 10. In the amendment, the county officially transferred several projects to Burien for completion (including Westmark's). Westmark's due process claim is not based on an improper transfer of the project, but rather on Burien's actions with regard to Westmark's SEPA application. It cannot be said that Burien officials conducted the SEPA review pursuant to the amendment. Accordingly, under *Monell*, Westmark's claim of an official policy must rest on the moratorium.

   3. <u>Legitimate Government Interest</u>

A plaintiff's burden to prove that a municipal official violated its substantive due process rights is very high. *Matsuda v. City and Cnty. of Honolulu*, 512 F.3d 1148, 1156 (9th Cir. 2008). "In order for [a plaintiff] to establish a violation of [its] substantive due process right, [the plaintiff] is required to prove that the enactment of [the policy] was 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare.'" *Kim v. City of Federal Way*, 2009 WL 1249298, 2 (W.D.Wash. 2009) (quoting *Kawaoka v. City of Arroyo Grande,* 17 F.3d 1227, 1234 (9th Cir.1994)). When complaining of a delay, the plaintiff "must show that the City's delays in processing its application lacked a

rational relationship to a government interest." *N. Pacifica LLC*, 526 F.3d at 485 (dismissing plaintiff's delay-based substantive due process claim because plaintiff insufficiently alleged facts showing "arbitrary or irrational conduct by the City."). Further, "courts, in analyzing a substantive due process claim in the context of land use permitting, apply the 'shocks-the-conscience' standard." *Woods View II, LLC v. Kitsap County*, 2011 WL 2491594, 7 (W.D. Wash. 2011) (citing *Mongeau v. City of Marlborough*, 492 F.3d 14 (1st Cir. 2007); *Torromeo v. Town of Fremont, NH*, 438 F.3d 113 (1st Cir. 2006)). "Federal judicial interference with local government zoning decision is proper only where the government body could have no legitimate reason for its decision." *Dodd v. Hood River County*, 59 F.3d 852, 864 (9th Cir. 1995). In its analysis, the Court does "not require that the City's legislative acts actually advance its stated purposes, but instead look[s] to whether 'the governmental body could have had no legitimate reason for its decision.'" *Kawaoka,* 17 F.3d at 1234 (quoting *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 690 (9th Cir.1993)).

Burien argues that summary judgment in its favor is proper because, even if it acted pursuant to the moratorium, Burien had a legitimate government interest in enacting and applying the moratorium. This argument rests on the assumption that the moratorium was lawfully enacted and was nothing "other than the exercise of local planning authority." Dkt. # 62, p. 18. Under Washington law, newly formed cities are permitted to impose moratoria "during the interim transition period on the filing of applications with the county for development permits or approvals." WASH. REV. CODE § 35.02.137.[1] Also, "[d]uring this interim period, the city . . . may adopt rules establishing policies and procedures under the state environmental policy act." WASH. REV. CODE § 35.02.130. Thus, it is reasonable that the city would put-off any

---

[1] The "interim period" is the time between the election and qualification of municipal officials and the official date of incorporation. *See, e.g.* WASH. REV. CODE § 35.02.130.

decisions under SEPA during this time period. The newly formed municipality is allowed to impose moratoria and engage in various other legislative tasks during the interim period in order to "facilitate the transition" of government. *Id.* Therefore, Washington law specifically contemplates a legitimate reason for enacting such a moratorium for a limited period of time. Also, when Burien extended the Moratorium for a six-month period it also followed the procedures contemplated by Washington law (e.g. Burien held a public meeting, entered findings of fact, and formally adopted the six-month extension. Dkt. # 57-3, p. 13–16).[2] *See* WASH. REV. CODE § 36.70A.390. Furthermore, Westmark agrees that the moratorium was lawfully enacted, and does not cite any evidence that it was extended beyond September 1993. Even if, as Westmark has argued, Burien's moratorium was encouraged by one of Burien's politically active residents, Westmark cannot meet its burden because the question is whether Burien had *any* legitimate government purpose. *See Dodd*, 59 F.3d at 864. Thus, Westmark's argument must fail: if Burien was acting pursuant to the moratorium, then Westmark cannot show that Burien had no legitimate government purpose.[3] Because Westmark's claim of municipal liability rested on the moratorium as the official policy, Westmark's substantive due process claim fails.

Accordingly, Defendant's motion for summary judgment is granted.

### III. CONCLUSION

For the foregoing reasons Westmark's motion for summary judgment on §1988 attorneys' fees is DENIED. A plaintiff is entitled to § 1988 attorneys fees if it prevails on a §1983 claim. Although, under *Maher*, a plaintiff may 'prevail' without fully adjudicating its §1983 claim, this analysis is inapplicable to Westmark's case. *Maher*, 448 U.S. 122. The *Maher*

---

[2] Notably, the documentation regarding the moratorium indicates that it was extended for only one six-month period until September 1993. Dkt. # 57-3, p. 16 & 28.

[3] If, on the other hand, Burien was not acting pursuant to the moratorium, then Westmark has not established municipal liability under *Monell*. 436 U.S. at 690.

analysis is inapplicable because Westmark's state court verdict was not dispositive on the §1983 constitutional question and Westmark was not precluded (through settlement or mootness) from pursuing the §1983 claim. Thus, Westmark has not shown that it is prevailing for the purposes of §1988.

Burien's motion for summary judgment on Westmark's §1983 substantive due process claim is GRANTED. In order to establish municipal liability in a §1983 claim, the plaintiff must show that it suffered a constitutional violation that was caused by a municipal custom or policy. *See Monell*, 436 U.S. at 690; *Mateyko*, 924 F.2d at 826. Westmark's claim of municipal liability rests on Burien's moratorium. Because Westmark is unable to show that the lawfully enacted moratorium served no legitimate government purpose, Westmark is unable to establish municipal liability against Burien and cannot prevail in its §1983 claim.

Dated this 21 day of December, 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE