**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WESTMARK DEVELOPMENT CORPORATION, a Washington corporation; TRIZEC INVESTMENT CORPORATION, a Washington corporation, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF BURIEN, a municipal corporation, <br><br> Defendant - Appellee. | No. 12-35059 <br><br> D.C. No. 2:08-cv-01727-RSM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted December 5, 2012
Seattle, Washington

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: TALLMAN and WATFORD, Circuit Judges, and GLEASON, District Judge.**

The district court held that it lacked discretion to award attorney's fees to Westmark Development Corporation and Trizek Investment Corporation (collectively "Westmark") unless it first resolved the merits of Westmark's substantive due process claim. The court erred in so holding. After Westmark obtained the $10.7 million verdict from the City of Burien, it had obtained all the relief it had sought from the City except for attorney's fees. After that favorable state court determination, the district court should have invoked the principle of constitutional avoidance. *Gerling Global Reins. Corp. of Am. v. Garamendi*, 400 F.3d 803, 806–08 (9th Cir. 2005); *Carreras v. City of Anaheim*, 768 F.2d 1039, 1042–43, 1050 (9th Cir. 1985), *abrogated on other grounds by Los Angeles Alliance for Survival v. City of Los Angeles*, 993 P.2d 334, 350 (Cal. 2000). At that point, Westmark was eligible to recover attorney's fees on its § 1983 claim, provided two conditions were met: (1) its federal constitutional claim is "substantial" under *Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974); and (2) its state law claims and its federal constitutional claim arise out of a "common nucleus

---

** The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

of operative fact" under *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). *See Gerling Global*, 400 F.3d at 808.

Both of these requirements are met here. The first condition is met because Westmark's substantive due process claim is not "obviously frivolous" or "obviously without merit," which makes it substantial within the meaning of *Hagans*. *See id.* The second condition is met because Westmark's state law claims arise out of the same common nucleus of operative fact as its federal substantive due process claim (namely, Burien's improper conduct during the permitting process for Westmark's development project), and Westmark originally attempted to litigate those claims in the same judicial proceeding. *See id.* at 808–09 ("Claims arise from a common nucleus of operative fact where fee-supporting claims are so interrelated with non-fee claims that plaintiffs 'would ordinarily be expected to try them all in one judicial proceeding.'") (quoting *Gibbs*, 383 U.S. at 725).

The procedural posture of this case renders our holding in *Mateyko v. Felix*, 924 F.2d 824, 828 (9th Cir. 1991), distinguishable. There, the plaintiff's state and federal claims were tried simultaneously, and the district court's rejection of the plaintiff's federal constitutional claim during trial was entirely proper. Here, in contrast, Westmark had already won in state court all the relief it sought in its federal claim, obviating any need for the district court to address the substantive

due process issue. *See Gerling Global*, 400 F.3d at 808–10; *Carreras*, 768 F.2d at 1042–43, 1050.

Accordingly, we vacate the district court's summary judgment ruling and remand the case for resolution of Westmark's motion for attorney's fees. As the prevailing party, Westmark is entitled to an award of reasonable attorney's fees unless the district court determines, in its discretion, that special circumstances render such an award unjust. *See Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir. 2008). Should the district court decide to award fees, it may do so for work performed in state court on only those claims that involved similar facts, legal theories, and relief sought as the substantive due process claim. *See Smith v. Robinson*, 468 U.S. 992, 1015 (1984), *superseded by statute on other grounds*, Handicapped Children's Protection Act of 1986, Pub. L. No. 99-372; *Bartholomew v. Watson*, 665 F.2d 910, 911–13 (9th Cir. 1982).

**VACATED AND REMANDED.**