UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WESTMARK DEVELOPMENT CORPORATION and TRIZEC INVESTMENT CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BURIEN,<br><br>Defendant. | CASE NO. C08- 1727RSM<br><br>ORDER ON MOTION TO COMPEL |

This matter is before the Court for consideration of defendant's Rule 37 motion to compel. Dkt. # 96. Defendant City of Burien ("Burien") asks that the Court direct plaintiffs Westmark Development Corporation and Trizec Corporation ("Westmark") to fully respond to discovery requests served upon plaintiff on February 12, 2013. Westmark has opposed the motion, asserting that it was unnecessary and that it has provided all that was requested. The Court finds that the certification requirements have been met, and that the motion should be granted in part.

## DISCUSSION

The issue remaining in this case is Westmark's request for attorney's fees. Burien asserts that it served reasonable and limited discovery on Westmark, consisting of five interrogatories and five requests for production. Dkt. # 96, pp. 2, 4. The discovery "asked Westmark to identify and produce records substantiating the estimated two million dollars in attorney fees it seeks to recover in this

ORDER

lawsuit." *Id.*, p. 4.  Burien states that Westmark has provided approximately 1,000 pages of attorney billing records, but as of the date of filing the motion, only 200 of the pages were marked with notations indicating those fees sought.[1]  *Id.*, p. 5.  Although supplementation was promised, as of the date the motion was filed the production had not been supplemented.  *Id*.

In opposing the motion, Westmark points to an agreed extension of the discovery deadline to July 17, 2013, which was to accommodate personal difficulties affecting Westmark's counsel. Westmark expresses surprise that the motion to compel was filed after the Court adopted the proposed extended schedule.  *See*, Dkt. # 95.  Westmark further asserts that it supplemented its production on June 2, 2013, the day before this motion was ripe, to fully provide notations as to which specific billing entries were considered to be part of the attorney fee request.  Thus, now Burien "has all the information it requested and knows for each and every time record whether that specific entry is being claimed as recoverable, or not being claimed."  Westmark's Opposition, Dkt. # 100, p. 3.

Burien in reply asserts that the June 2 supplement did not complete the request, because "Westmark has not identified the total amount of fees it seeks to collect in this lawsuit, as requested by Interrogatory No. 2."  Burien's Reply, Dkt. # 103, p. 2.  Nor has Westmark "explained how the claimed fees relate to its substantive due process claim, as requested by Interrogatory No. 3."  *Id*.  Burien also notes that Westmark "has avoided a response to the issue of expert witnesses, as requested by Interrogatory No. 5."  *Id*.  However, beyond the cursory statements that Burien served five interrogatories and Westmark objected to every one, Burien made no argument in the motion to compel regarding the interrogatories, and thus did not properly put Westmark's responses at issue.  The Court cannot order plaintiff to respond to interrogatories for reasons which remain unstated by defendant.  The motion to compel shall accordingly be denied as to the interrogatory responses.

Westmark filed a surreply to Burien's reply but did not provide prior notice as required by Local Rule LCR 7(g)(1).  The surreply has not been considered by the Court.

---

[1] Each billing entry is marked with a "0", a "50", or "100" to indicate that Westmark seeks 0, 50%, or 100 % of the amount stated.

ORDER

## CONCLUSION

Burien's motion to compel is GRANTED as to the Request for Production asking for documents substantiating the attorney fee request, and DENIED as to the Interrogatories. Although the requested documents were provided in the end, the Court must still consider an award of fees to Burien as the prevailing party. Fed.R.Civ.P. 37(a)(5)(A). However, as Burien only achieved partial success on the motion, the Court shall "apportion the reasonable expenses for the motion." Fed.R.Civ.P. 37(a)(5)(C). The Court finds that an award of 50% of the requested amount is appropriate, unless Westmark can demonstrate circumstances that make such award unjust. Fed.R.Cvi.P. 37(a)(5)(A)(iii). Westmark shall accordingly have two weeks from the date of this Order to demonstrate why it should not be required to pay $1015 in attorney's fees for Burien's expenses in bringing the motion. No additional fees shall be allowed for Burien's reply at Dkt. # 100.

DATED July 22, 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER